IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2020 NOV 24 P 2: 24

CLERK _____
SO. DIST. OF GA.

VICTOR McRAE,                             *
                                          *
          Plaintiff,                      *
                                          *
     v.                                   *
                                          *
TELFAIR COUNTY, GEORGIA; CHRIS            *
STEVERSON, Individually and in           *
His Official Capacity as Sheriff         *
of Telfair County; BOBBY                 *        CV 318-077
MCLEMORE, Individually and in            *
His Official Capacity as Sheriff         *
of Ben Hill County; BEN HILL             *
COUNTY, GEORGIA; LYNN SHEFFIELD,         *
Individually and in His Official         *
Capacity as Sheriff of Dodge             *
County; and DODGE COUNTY,                *
GEORGIA,                                 *
                                          *
          Defendants.                     *

                         O R D E R

     Remaining before the Court are portions of three summary

judgment motions filed by Ben Hill County, Georgia and Bobby McLemore

(doc. no. 53); Dodge County, Georgia and Lynn Sheffield (doc. no.

66); and Telfair County, Georgia and Chris Steverson (doc. no. 68)

(collectively, the "Moving Defendants").   Portions of the motions

were considered and ruled on in the Court's Order of September 18,

2020.  (Doc. No. 82.)  That Order deferred ruling on issues of state

law, as it was not clear from the record whether the Court had subject

matter jurisdiction over the state law claims.  Now, Defendants have

supplemented the record in accordance with the Order and Williams v.

Best Buy Co., 269 F.3d 1316 (11th Cir. 2001), and the remaining

portions of the motions are ripe for ruling. For the following reasons, the motions are granted with respect to the state law claims.[1]

## I.   BACKGROUND AND LEGAL STANDARD

For brevity's sake, the Court refers to the exposition of facts in the Order of September 18, 2020. (See Doc. No. 82, at 2-5.) The legal standard applied at summary judgment may also be found in that Order. (Id. at 8-10.)

## II.   JURISDICTION

The Moving Defendants each submitted a copy of Plaintiff's responses to their respective interrogatories. (See Doc. Nos. 84-86.) In each of Plaintiff's responses to the interrogatories, he states that he is entitled to damages including past medical expenses in an amount not less than $850,000, in addition to damages for future medical expenses, lost income, and pain and suffering. (See id.) Plaintiff also submitted a copy of his medical bill from Grady Health System, which totaled $674,173.94. (See Doc. No. 87.) Thus, the $75,000 amount-in-controversy requirement for diversity jurisdiction is met. See 28 U.S.C. § 1332(a). Complete diversity of the Parties

---

[1] The Clerk has given Plaintiff Victor McRae notice of the summary judgment motions and the summary judgment rules, of the right to file affidavits or other materials in opposition, and the consequences of default. Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), have been satisfied.

also exists; Moving Defendants are all citizens of Georgia, while Plaintiff is a citizen of New York. (See McRae Dep., Doc. No. 54, at 6-7; Compl., Doc. No. 1-1, ¶¶ 51-70.) Therefore, the Court is satisfied it has subject matter jurisdiction to hear Plaintiff's state law claims, and they are considered below.

## III. DISCUSSION

### A. State Law Claims against the Counties and Sheriffs in Their Official Capacities

Defendants assert sovereign immunity in response to Plaintiff's state law claims against the County Defendants and the Sheriff Defendants in their official capacities.

"Under Georgia law today, sovereign immunity has constitutional status, and that immunity may be waived only by an act of the General Assembly or by the Constitution itself." Ga. Dep't of Corr. v. Couch, 759 S.E.2d 804, 808 (Ga. 2014). This immunity extends to counties as well as county employees - including sheriffs - sued in their official capacities. See Tattnall Cnty. v. Armstrong, 775 S.E.2d 573, 575-78 (Ga. Ct. App. 2015), overruled on other grounds by Rivera v. Washington, 784 S.E.2d 775, 780 n.7 (Ga. 2016). As the party seeking to benefit from a waiver of sovereign immunity, Plaintiff bears the burden of establishing a waiver. See Conway v. Jones, 836 S.E.2d 538, 540 (Ga. Ct. App. 2019).

Plaintiff does not address sovereign immunity in the Complaint or any of his three responses to the pending motions. Because

Plaintiff fails to carry his burden of establishing a waiver of sovereign immunity, summary judgment against Plaintiff is appropriate on his state law claims against the County Defendants and Sheriff Defendants in their official capacities.

B.   State Law Claims against the Sheriffs in Their Individual Capacities[2]

Georgia law provides official immunity for government officials sued in their individual capacities for "discretionary actions taken within the scope of their official authority, and done without willfulness, malice, or corruption." Cameron v. Lang, 549 S.E.2d 341, 344 (Ga. 2001) (quotation omitted).  In other words, officials may only be personally liable for "ministerial acts negligently performed or acts performed with malice or an intent to injure." Id. Plaintiff asserts claims under O.C.G.A. §§ 42-5-2, 42-4-4, and 42-4-32 as well as negligent infliction of emotional distress claims against the Sheriff Defendants for failing to furnish medical care. The Court must first determine whether these Defendants were acting in a discretionary capacity.

The Supreme Court of Georgia distinguishes ministerial acts from discretionary acts in the following manner:

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty.  A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned

---

[2] Plaintiff does not phrase his individual capacity claims in terms of supervisory liability, so it is not discussed.

conclusions, and acting on them in a way not specifically directed.

Murphy v. Bajjani, 647 S.E.2d 54, 57 (Ga. 2007) (quotation omitted). Plaintiff bases his state law claims on the Sheriff Defendants' alleged failure to provide medical care.

Georgia courts have considered whether the provision of medical care in a jail is a discretionary or ministerial action. In doing so, they distinguish between the provision of medical care, which must be provided as a fundamental right and as mandated by statute, versus what particular medical treatment to provide to inmates. See Howard v. City of Columbus, 521 S.E.2d 51, 66 (Ga. Ct. App. 1999); Keele v. Glynn Cnty., 938 F. Supp. 2d 1270, 1309 (S.D. Ga. 2013); Brooks v. Wilkinson Cnty., 393 F. Supp. 3d 1147, 1170 (M.D. Ga. 2019) ("Howard tells us that a jail official breaches a ministerial duty when he fails or refuses to provide care that he is obligated to provide."). The former is ministerial while the latter is discretionary. See id.

There is no evidence that Sheriffs Sheffield and Steverson failed to provide medical care to Plaintiff. While in Sheriff Steverson's custody, Plaintiff received medical attention on numerous occasions at the Dodge County Hospital. Thus, Sheriff Steverson satisfied his ministerial duty to provide medical care to Plaintiff, and to the extent Plaintiff challenges Sheriff Steverson's choice of treatment, such discretionary decisions are protected by official immunity. Likewise, Plaintiff remained under medical supervision

5

throughout his time in Sheriff Sheffield's custody, receiving treatment at the Dodge County Hospital and from Southern Correctional Medicine contractors. Because there is no evidence that Steverson or Sheffield acted with malice or intent to injure, summary judgment is appropriate against Plaintiff on his state law claims against Sheriffs Steverson and Sheffield in their individual capacities. See, e.g., Anderson v. Columbia Cnty., 2014 WL 8103792, at *16 (S.D. Ga. Mar. 31, 2014) (granting summary judgment for sheriff sued in individual capacity because official immunity applied when evidence showed plaintiff received medical care).

As for Sheriff McLemore, Plaintiff does argue that the failure to follow the booking policy for inmates in obvious medical need was a ministerial action leaving no room for the booking officers to exercise their discretion in booking inmates. However, a sheriff's decisions regarding "training, supervision, and health-care policies are discretionary." Keele, 938 F. Supp. 2d at 1309 (citing Middlebrooks v. Bibb Cnty., 582 S.E.2d 539, 543 (Ga. Ct. App. 2003), overruled on other grounds by Tattnall Cnty. v. Armstrong, 775 S.E.2d 573, 576-77 (Ga. Ct. App. 2015) (correcting mistake made by Georgia courts of applying ministerial versus discretionary analysis to sovereign immunity defense)).

The court in Keele found a distinction between a sheriff who established medical policies for his jail and a nurse who failed to provide care in accordance with those policies. See id. at 1309-11. The former was entitled to official immunity as having engaged in a

discretionary function while the latter was not, having engaged in a ministerial function. Like Sheriff McLemore, the sheriff in Keele was sued in his individual capacity for failure to provide inmates with medical care under O.C.G.A. §§ 42-4-4, 42-4-51, 42-5-2, and 42-4-32. See id. at 1309.

In its analysis, the Keele court considered Howard.[3] However, it ultimately granted summary judgment to the sheriff on official immunity grounds because how the sheriff provides medical care is a discretionary action, a rule supported by Georgia case law. See Keele, 938 F. Supp. 2d at 1310 (citing Graham v. Cobb Cnty., 730 S.E.2d 439, 444 (Ga. Ct. App. 2012); Harvey v. Nichols, 581 S.E.2d 272, 276 (Ga. Ct. App. 2003); Middlebrooks, 582 S.E.2d at 543-44)).

In accordance with Keele, Sheriff McLemore is entitled to official immunity because while his booking policy may have been violated, policymaking is a discretionary action and there is no evidence that the policy was intended to cause harm. See id. (granting summary judgment to sheriff and finding "no evidence that [the sheriff's] training or policies were intended to cause harm").

---

[3] The Court of Appeals of Georgia in Howard ruled that a sheriff was not entitled to official immunity because "supervision, . . . training and enforcement of all policies, practices, and protocol[] are ministerial in nature." Howard, 521 S.E.2d at 66 (citing Seay v. Cleveland, 508 S.E.2d 159, 160-161 n.1 (Ga. 1998)). However, as both the Keele court and the Supreme Court of Georgia acknowledge, Howard is not binding authority. See Keele, 938 F. Supp. 2d at 1310; Tattnall Cnty., 775 S.E.2d at 577 n.8 (finding it unnecessary to overrule Howard because it lacks precedential value).

## IV.   CONCLUSION

Upon the foregoing, Defendants' motions for summary judgment (doc. nos. 53, 66, 68) are **GRANTED** in their entirety. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants on Plaintiff's state law claims. The Clerk is further directed to close this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of November, 2020.

UNITED STATES DISTRICT JUDGE